### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF MICHIGAN
### KALAMAZOO DIVISION

### CASE NO.:1:25-cv-00694

DON KOMARECHKA,

                    Plaintiff,

v.

KALAMAZOO SPORTSWEAR
& REGALIA, LLC,

                    Defendant,

---

### COMPLAINT FOR COPYRIGHT INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff DON KOMARECHKA by and through his undersigned counsel, brings this Complaint against Defendant KALAMAZOO SPORTSWEAR & REGALIA, LLC for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.      Plaintiff DON KOMARECHKA ("Komarechka") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Komarechka's original copyrighted work of authorship after removal of his copyright management information.

2.      Komarechka is a professional photographer from Ontario. He focuses on capturing nature and macro photography of rare subjects, as well as teaching educational workshops on photography, editing, and creative compositions. Komarechka writes on the topics of macro photography and snowflakes, and has written multiple photography books, in addition to being published by Scientific American, The New York Times, National Geographic, and Outdoor Photographer. Komarechka was featured on "The Nature of Things with David Suzuki"

and created title footage for the BBC documentary "Forces of Nature." He was credited as the

lead macro photographer in the documentary "Mosquito" for Discovery, where his techniques of

ultraviolet fluorescence imagery and complex focus stacking featured prominently in the film.

Additionally, the "Life Magnified" series of United States Postage Stamps features

Komarechka's creative and highly detailed macro photography.

3.      Defendant KALAMAZOO SPORTSWEAR & REGALIA, LLC ("Defendant") is

a Michigan garment factory which specializes in mass production of apparel, screen printing, and

embroidery.

4.      Komarechka alleges that Defendant copied his copyrighted Work from the

internet in order to advertise, market and promote Defendant's business activities.

## JURISDICTION AND VENUE

5.      This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

6.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C.

§§ 1331, 1338(a).

7.      Defendant is subject to personal jurisdiction in Michigan.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a)

because the events giving rise to the claims occurred in this district, Defendant engaged in

infringement in this district, Defendant resides in this district, and Defendant is subject to

personal jurisdiction in this district.

## DEFENDANT

9.      Defendant is a Michigan limited liability company, with its principal place of

business at 728 West Michigan Avenue, Kalamazoo, MI 49007, and can be served by serving its

Registered Agent at 728 West Michigan Avenue, Kalamazoo, MI 49007.

## THE COPYRIGHTED WORK AT ISSUE

10.    In 2009, Komarechka created the copyrighted image titled "Maple Leaf Flag" shown below ("Work").



The Work is Komarechka's signature piece, completed in about 4 months from concept through to execution. The Work required proper preservation of the leaves, as well as the appropriate natural snowfall to create his image. Komarechka's Work utilized creativity and personal reflection, as the 2:1 sized image replicates the official dimensions of Canada's Flag.

11.    On December 2, 2015, Komarechka registered the Work with the Register of Copyrights under the Registration number VA 1-982-107. The Certificate of Registration is attached hereto as **Exhibit 1**.

12.    At the time Komarechka published the Work on his website at https://www.donkom.ca/maple-leaf-flag/ ("Website") and at all times thereafter, Komarechka offered usage and licensing rights information to the public on the Website by displaying a detailed pricing schedule for usage of the Work on various platforms, including social media platforms such as Instagram.

13.     Prior to the time Komarechka published the Work, Komarechka applied copyright management information ("CMI") to the Work consisting of (1) Komarechka's name and signature in the bottom right hand corner of the Work; and (2) the link to the licensing terms located next to the Work (collectively, "Attributions").

14.     Komarechka's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets. The perspective, orientation, positioning, lighting, and other details of the Work are entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

15.     At all relevant times Komarechka was the owner of the copyrighted Work.

## INFRINGEMENT BY DEFENDANT

16.     Defendant has never been licensed to use the Work for any purpose.

17.     On a date after the Work was created, but prior to the filing of this action, Defendant copied the Work.

18.     On April 10, 2023, Defendant utilized the Work without seeking a license or permission, and copied, displayed, and distributed Komarechka's Work on Defendant's digital marketing page at https://www.instagram.com/p/Cq3WOePpt2p/ ("Marketing Campaign").

19.     On or about October 16, 2024, Komarechka discovered the unauthorized use of his Work on the Marketing Campaign.

20.     Defendant copied Komarechka's copyrighted Work without Komarechka's permission.

21.     After Defendant copied the Work, Defendant made further copies and distributed the Work on the internet to promote the sale of Defendant's mass apparel manufacturing services.

22.     Defendant copied and distributed Komarechka's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business.

23.     Defendant committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

24.     Komarechka never gave Defendant permission or authority to copy, distribute or display the Work for any purpose.

25.     When Defendant copied and displayed the Work, Defendant removed Komarechka's CMI from the Work.

26.     Komarechka never gave Defendant permission or authority to remove CMI from the Work.

27.     Komarechka notified Defendant of the allegations set forth herein on December 3, 2024; October 16, 2024; February 7, 2025; March 17, 2025; April 14, 2025; April 15, 2025; April 17, 2025; April 29, 2025; April 30, 2025; May 1, 2025 and May 13, 2025. As of the date of this filing, the parties have failed to resolve the matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

28.     Komarechka incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.     Komarechka owns a valid copyright in the Work.

30.     Komarechka registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31.     Defendant copied, displayed, and distributed the Work and made derivatives of the Work without Komarechka's authorization in violation of 17 U.S.C. § 501.

32.     Defendant performed the acts alleged in the course and scope of Defendant's business activities.

33.     Defendant's acts were willful.

34.     Komarechka has been damaged.

35.     The harm caused to Komarechka has been irreparable.

## COUNT II

## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

36.     Komarechka incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

37.     The Work contains CMI in the form of the Attributions on Komarechka's Work and on the Website.

38.     Defendant knowingly and with the intent to enable, conceal, or facilitate copyright infringement, displayed the Work on Defendant's Marketing Campaign without any of the Attributions in violation of 17 U.S.C. § 1202(b).

39.     Defendant distributed the Work knowing that the CMI has been removed or altered without authority of the copyright owner or the law.

40.     Defendant committed these acts knowing or having reasonable grounds to know that they would induce, enable, facilitate or conceal infringement of Komarechka's rights in the Work.

41.     Defendant caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Komarechka's rights in the Work.

42.     Komarechka has been damaged.

43.     The harm caused to Komarechka has been irreparable.

**SRIPLAW**

CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK

WHEREFORE, Plaintiff DON KOMARECHKA prays for judgment against Defendant KALAMAZOO SPORTSWEAR & REGALIA, LLC that:

a.    Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

b.    Defendant be required to pay Komarechka his actual damages and Defendant's profits attributable to the infringement, or, at Komarechka's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

c.    Komarechka be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.    Komarechka be awarded pre- and post-judgment interest; and

e.    Komarechka be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Komarechka hereby demands a trial by jury of all issues so triable.

DATED: June 24, 2025                    Respectfully submitted,


/s/ Joseph A. Dunne
JOSEPH A. DUNNE
Michigan Bar Number: NY4831277
joseph.dunne@sriplaw.com
DEBBIE C. YANG
*Pro Hac Vice Forthcoming*
New York Bar Number: 6087050
debbie.yang@sriplaw.com

**SRIPLAW, P.A.**
41 Madison Avenue, Floor 25
New York, NY 10010
646.787.1082 – Telephone
561.404.4353 – Facsimile

7

*Counsel for Plaintiff Don Komarechka*